IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN COLIN SUTTLES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 1:14-CV-00752-SS |
| MUTUAL OF OMAHA INSURANCE COMPANY and SUTHERLAND GLOBAL SERVICES, INC., Defendants. | § § § § § | |

**MUTUAL OF OMAHA'S AND SUTHERLAND'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendants Mutual of Omaha Insurance Company ("Mutual of Omaha") and Sutherland Global Services, Inc. ("Sutherland") (collectively, "Defendants"), by and through their attorneys, submit this Motion to Dismiss Count I of Plaintiff's First Amended Class Action Complaint and Memorandum in Support under Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants state as follows:

### I.   INTRODUCTION

Count I of Plaintiff's First Amended Complaint ("FAC" or "Complaint") fails to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), that is plausible on its face. Likely hoping to avoid a motion to dismiss, Plaintiff has alleged that "there was a momentary silence" after he answered the call, which caused him to reasonably believe that the call had been placed with an automatic telephone dialing system ("ATDS") in violation of the TCPA. *See* FAC, ¶ 24. But that is not true. The call itself—which Plaintiff has

1

incorporated by reference in his First Amended Complaint and which can therefore properly be considered by this Court on a motion to dismiss—belies Plaintiff's allegations and demonstrates that he lacks a plausible claim. *See* Exhibit A: Recording of the July 25, 2014 telephone call. *See also Huang v. Admin. Rev. Bd.*, 579 Fed. Appx. 228, 233 (5th Cir. 2014) ("the court may also consider documents that a defendant attaches to a motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [his] claim"); *Hoffman v. Cenlar Agency, Inc.*, No. 12cv414 L(NLS), 2013 WL 1285126, *1-2 (S.D. Cal. Mar. 27, 2013) (incorporating recording and transcript of call attached to motion to dismiss by reference because it was "integral to plaintiff's claims"); *Gragg v. Orange Cab Co.*, No. C12–0576RSL, 2013 WL 195466, * 2 (W.D. Wash. Jan. 17, 2013) (dismissing TCPA complaint because ATDS allegations were not plausible based on text message incorporated in motion to dismiss by reference). A recording of the call establishes that there was no "momentary silence"—the telltale sign of an ATDS—and that the call, in fact, was placed by a live representative. Consequently, the recording of the call upon which Count I of Plaintiff's Complaint is based confirms that neither an ATDS nor a prerecorded voice was used and that Plaintiff's allegations to the contrary are incorrect.[1] As a result, Count I of Plaintiff's First Amended Complaint should be dismissed with prejudice.[2]

---

[1] Plaintiff did not have access to the recording at the time he filed his initial complaint. But he was provided the recording on January 16, 2015 as part of Mutual of Omaha's initial disclosures – more than one month before he filed the present FAC.

[2] Count II of Plaintiff's FAC turns on the issue of consent – an issue that Defendants are unable to address on a motion to dismiss by way of the "incorporation by reference" doctrine. Defendants intend to address Count II on summary judgment or at class certification.

AUS:1000045/00005:573190v1

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility if Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The *Twombly/Iqbal* "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* The plausibility standard means that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Dismissal may be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267, 2015 WL 431148, *2 (N.D. Cal. Feb. 2, 2015). Thus, for Plaintiff's Complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling Plaintiff to relief. *Id.* Plaintiff's story does not plausibly "hold together" and, under TCPA precedent, Count I is subject to dismissal.

### B. A PLAINTIFF MUST ALLEGE FACTS SUPPORTING AN ALLEGATION THAT AN ATDS OR PRERECORDED VOICE WAS USED IN PLACING CALLS IN VIOLATION OF THE TCPA.

The vast majority of courts have stated that plaintiffs are required to plead specific facts articulating why they plausibly believe that an ATDS or prerecorded voice was used in alleging a violation of the TCPA. *See Brailey v. F.H. Cann & Assoc., Inc.*, No. 6:14-0754, 2014 WL 7639909, *8-9 (W.D. La. Dec. 5, 2014) (following "the vast majority of courts" and dismissing complaint where plaintiff failed to "describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS."). In *Johansen v. Vivint*, No. 12 C 7159, 2012 WL 6590551, *2-4 (N.D. Ill. Dec. 18, 2012), the court dismissed a TCPA plaintiff's complaint, noting:

> Plaintiff provides no information about the two messages he allegedly received from [the defendant] other than stating that [the defendant] left pre-recorded messages on his cellular telephone using an ATDS. *Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of truth…. On the contrary, a plaintiff must supply enough additional, independent facts 'to raise a reasonable expectation that discovery will reveal evidence' of the alleged misconduct. For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS.*

(citations omitted, emphasis added). *See also Padilla v. Whetstone Partners, Inc.*, No. 14–21079–CIV, 2014 WL 3418490, *2 (S.D. Fla. July 14, 2014) (dismissing complaint for failure to allege facts supporting ATDS or pre-recorded voice allegations); *Sepehry-Fard v. MB Fin. Servs.*, No. 13–cv–02784–BLF, 2014 WL 2191994, *2-4 (N.D. Cal. May 23, 2014) (same); *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, *6 (E.D.N.Y. Mar. 21, 2014) (same); *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1339-1340 (M.D. Fla. 2014) (same); *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 86-87 (D. Mass. 2013) (same); *Gragg*, 2013

-4-

WL 195466 at * 2 (dismissing complaint because ATDS allegations were not plausible based on text message incorporated by reference); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-1316 (S.D. Fla. 2012) (dismissing complaint for failure to properly allege ATDS or prerecorded voice allegations); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076, *1-2 (S.D. Cal. Jan. 27, 2011) (same); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true."); *Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, *2 (N.D. Cal. March 16, 2010) ("… plaintiff's allegation that defendants' equipment 'had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers,' is a bare legal conclusion which the court need not accept as true"); *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, *3 (N.D. Ill. Dec. 14, 2009) (although language parroting the statute was a bare legal conclusion entitled to no weight, additional allegations regarding the use of SMS short code licensed to defendants and the generic text of the message were sufficient to withstand motion to dismiss).

Plaintiff fails to plead a claim that is plausible on its face. Likely cognizant of the foregoing case law, Plaintiff has alleged—like many other TCPA plaintiffs do—that the call must have been placed with an ATDS because there was a momentary silence before the call was transferred to a live representative: "[a]fter Plaintiff answered the call with a greeting, there was a momentary silence followed by the female representative's greeting." FAC, ¶ 24. In this instance, however, Plaintiff's allegation is not true, and to reach this conclusion the Court need

not go beyond the FAC and a recording of the call incorporated therein by reference. As discussed below, the recording of the call, attached as Exhibit A to the Appendix to this Motion, demonstrates that there was no momentary silence and that Plaintiff's allegations are therefore not plausible. Accordingly, Count I of Plaintiff's Complaint should be dismissed.

C. **THIS COURT CAN CONSIDER THE RECORDING OF THE CALL ON A MOTION TO DISMISS BECAUSE PLAINTIFF REFERENCES THE CALL IN HIS COMPLAINT.**

It is well-established in the Fifth Circuit and Texas federal district courts that, while a court is typically limited to reviewing the pleadings and attachments thereto, the court may also consider documents that a defendant attaches to a motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [his] claim." *Huang v. Admin. Rev. Bd.*, 579 Fed. Appx. 228, 233 (5th Cir. 2014); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Rosales v. Wells Fargo Bank, N.A.*, No. SA-14-CV-805-XR, 2014 WL 58919819, *2 (W.D. Tex. Nov. 10, 2014); *Wellington v. Texas Guaranteed*, No. A-13-CA-077-SS, 2014 WL 2114832, *2-3 (W.D. Tex. May 20, 2014). In attaching these documents, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Huang*, 579 Fed. Appx. at 233.

Under this "incorporation by reference" doctrine, courts have considered recordings when ruling on motions to dismiss. For example, in *Hoffman v. Cenlar Agency, Inc.*, No. 12cv414 L(NLS), 2013 WL 1285126, *1-2 (S.D. Cal. Mar. 27, 2013), the plaintiff alleged claims arising out of a phone call made by the defendant to the plaintiff. The defendant sought to incorporate by reference a tape recording of the phone call and a transcript of the recording in its motion to dismiss. *See id.* The court agreed that the audio copy and transcript of the recording were "integral to plaintiff's claims" and reviewed the transcript and recording in considering the

motion to dismiss. *Id.* at *2. *See also Muniz v. Davis*, No. A-13-CV-666-LY, 2014 WL 4259385, *3 (W.D. Tex. Aug. 27, 2014) (considering video recording on motion to dismiss); *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 775-776 (N.D. Tex. 2007) (considering a DVD of a television segment attached by defendant to motion to dismiss where television segment was referred to in complaint and was central to plaintiff's claim). Similarly, in *Gragg*, a TCPA case analogous to the one before this Court, the court considered a screen shot of a text message allegedly sent to the plaintiff because it was referenced in the complaint and the plaintiff's claim was based on the message. 2013 WL 195466 at *2. Although the plaintiff had alleged that an ATDS was used to send the message, upon considering the screen shot of the message, the court found that use of an ATDS did not appear plausible. *See id.*

Here as well, the call at issue is referenced in Plaintiff's complaint and is central to his claim. *See* FAC, ¶¶ 21-34, 68-74. Accordingly, the Court should consider the recording of the call upon which the Plaintiff's allegations are based and determine that Plaintiff's claim is not plausible.

### D. THE RECORDING DEMONSTRATES THAT THE CALL WAS NOT MADE USING AN ATDS OR PRERECORDED VOICE AND THAT PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE TCPA CLAIM.

Count I of Plaintiff's Complaint does not "present a story that holds together." *See Swanson*, 614 F.3d at 404. A recording of the call upon which Plaintiff bases his claim establishes that a live representative called Plaintiff – not a prerecorded voice. *Cf.* FAC, ¶¶ 1, 44, 69. It also demonstrates that, contrary to Plaintiff's allegations, there was no "momentary silence" prior to the representative's greeting. *Cf.* FAC, ¶ 24. Indeed, the representative immediately responded to Plaintiff when he answered the phone and, as a result, there was no telltale sign of an ATDS being used. Accordingly, Plaintiff's claim lacks the requisite "facial

plausibility" "that allows the court to draw the reasonable inference that defendant is liable" under the TCPA for calling Plaintiff using an ATDS or prerecorded voice. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Count I of Plaintiff's Complaint should therefore be dismissed.

### III. CONCLUSION

Count I of Plaintiff's First Amended Complaint fails to state a plausible claim that Defendants called Plaintiff using an ATDS or prerecorded voice. A recording of the call referenced in Plaintiff's First Amended Complaint upon which Count I of Plaintiff's Complaint is based makes it apparent that there was no momentary silence when plaintiff answered the phone and that the call was placed by a live representative rather than by a prerecorded voice. Consequently, Defendants ask that Count I of Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ Martin W. Jaszczuk
Martin W. Jaszczuk
  Admitted Pro Hac Vice
  Illinois State Bar No. 6277720
  MJaszczuk@lockelord.com
Keith L. Gibson
  Admitted Pro Hac Vice
  Illinois State Bar No. 6237159
  KGibson@lockelord.com
LOCKE LORD LLP
111 South Wacker Dr.
Chicago, IL 60606-4410
(312) 443-0700
(312) 443-0336 (facsimile)

Kent Hofmann
  Texas State Bar No. 24032424
  KHofmann@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (facsimile)

ATTORNEYS FOR DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY

AND

THOMPSON, COE, COUSINS & IRONS, L.L.P.


 /s/ Michael B. Johnson
David M. Taylor
  State Bar No. 19687900
  dtaylor@thompsoncoe.com
Michael B. Johnson
  State Bar No. 24029639
  mjohnson@thompsoncoe.com
Salvador Davila
  State Bar No. 24065119
  sdavila@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P
701 Brazos, Suite 1500
Austin, TX 78701
(512) 703-5029
(512) 708-8777 (facsimile)

ATTORNEYS FOR DEFENDANT SUTHERLAND GLOBAL SERVICES, INC.

# **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2015, Mutual of Omaha's and Sutherland's Motion to Dismiss Count I of Plaintiff's First Amended Class Action Complaint and Memorandum in Support was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, and I also caused a copy of the Motion to be served on the following by United States mail:

W. Craft Hughes
Jarrett L. Ellzey
Brian B. Kilpatrick
Hughes Ellzey, LLP
2700 Post Oak Blvd., Ste 1120
Galleria Tower 1
Houston, TX 77056

David M. Taylor
Michael B. Johnson
Salvador Davila
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

                                                                    /s/     Kent Hofmann
                                                                    Counsel for Defendant
                                                                    Mutual of Omaha Insurance Company

-10-
AUS:1000045/00005:573190v1