UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN COLIN SUTTLES, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, and SUTHERLAND GLOBAL SERVICES, INC.,<br><br>Defendants. | C.A. 1:14-CV-00752-SS |

**DEFENDANT SUTHERLAND GLOBAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE SAM SPARKS, U.S.D.J.:

NOW COMES Defendant SUTHERLAND GLOBAL SERVICES, INC. (hereinafter "Sutherland" or Defendant), by and through its undersigned attorneys, and hereby answers and sets forth its affirmative defenses to Plaintiff's putative class action Complaint as follows:

**INTRODUCTION**

1. Sutherland lacks knowledge or information sufficient to form a belief about why Plaintiff brings this action as alleged in Paragraph 1 of Plaintiff's Amended Complaint. The remaining allegations of Paragraph 1 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that it violated the TCPA and DENIES all remaining allegations of Paragraph 1.

2. Sutherland DENIES the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

1

3.   Sutherland DENIES the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.   Sutherland DENIES the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

## PARTIES

5.   Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Amended Complaint.

6.   Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Amended Complaint.

7.   Sutherland ADMITS the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.   The allegations of Paragraph 8 state legal conclusions and argument to which no response is required.  To the extent a response is required, Sutherland ADMITS that it contracted with Mutual of Omaha Insurance Company for Sutherland to provide certain specific services.  Sutherland DENIES the remaining allegations of Paragraph 8 of Plaintiff's Amended Complaint.

9.   The allegations of Paragraph 9 of Plaintiff's Amended Complaint state legal conclusions and argument to which no response is required.  To the extent a response is required, Sutherland DENIES the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

## ALLEGATION OF JOINT AND SEVERAL LIABILITY

10.  Sutherland DENIES the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

## JURISDICTION & VENUE

11. Sutherland ADMITS that this Court has subject-matter jurisdiction over this action. Sutherland DENIES the remaining allegations of Paragraph 11 of Plaintiff's Amended Complaint.

12. Sutherland ADMITS that venue is proper in this District. Sutherland DENIES the remaining allegations of Paragraph 12 of Plaintiff's Amended Complaint.

13. Sutherland ADMITS that this Court has personal jurisdiction over Sutherland. Sutherland DENIES the remaining allegations of Paragraph 13 of Plaintiff's Amended Complaint.

## LEGAL BASIS FOR THE CLAIMS

14. The allegations of Paragraph 14 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely set forth the legislative history, purpose, or provisions of the TCPA and DENIES the remaining allegations of Paragraph 14 of Plaintiff's Amended Complaint.

15. The allegations of Paragraph 15 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA and DENIES the remaining allegations of Paragraph 15 of Plaintiff's Amended Complaint.

16. The allegations of Paragraph 16 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's rulings and DENIES the remaining allegations of Paragraph 16 of Plaintiff's Amended Complaint.

17.     The allegations of Paragraph 17 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's rulings and DENIES the remaining allegations of Paragraph 17 of Plaintiff's Amended Complaint.

18.     The allegations of Paragraph 18 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's rulings and DENIES the remaining allegations of Paragraph 18 of Plaintiff's Amended Complaint.

19.     The allegations of Paragraph 19 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's rulings and DENIES the remaining allegations of Paragraph 19 of Plaintiff's Amended Complaint.

## FACTUAL BACKGROUND AS TO PLAINTIFF

20.     Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Sutherland ADMITS that one of its representatives made a telephone call to a phone number ending in 6767 on July 25, 2014. Sutherland DENIES that the call was made *via* ATDS and thus DENIES the remaining allegations of Paragraph 21 of Plaintiff's Amended Complaint.

22.     Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Sutherland ADMITS that a female representative of Sutherland spoke with an individual who answered the call to the phone number ending in 6767. Sutherland lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of Plaintiff's Amended Complaint.

24.   Sutherland ADMITS that a female representative of Sutherland spoke with an individual who answered the call to the phone number ending in 6767.  Sutherland DENIES that there was a momentary silence.  Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.   Sutherland DENIES the call was made via ATDS.  Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of Plaintiff's Amended Complaint.

26.   Sutherland ADMITS that the representative identified herself and stated that she was from Mutual of Omaha and SGS Insurance.  Sutherland DENIES the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.   Sutherland ADMITS that, on July 22, 2014, a representative of Sutherland left a voicemail after calling a phone number ending in 6767, indicating that she was a licensed Medicare supplement specialist for Mutual of Omaha and SGS Insurance.  Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.   Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiff's Amended Complaint.

29.   Sutherland ADMITS that the individual who answered the call to the phone number ending in 6767 asked the representative whether she was with Mutual of Omaha and

SGS Insurance. Sutherland DENIES the remaining allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30. Sutherland ADMITS that the representative stated that she was with SGS Insurance. Sutherland DENIES the remaining allegations of Paragraph 30 of Plaintiff's Amended Complaint.

31. Sutherland ADMITS that the representative stated that she was with SGS Insurance and Mutual of Omaha and that the call was related to supplemental Medicare insurance. Sutherland DENIES the remaining allegations of Paragraph 31 of Plaintiff's Amended Complaint.

32. Sutherland DENIES the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Sutherland DENIES the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Sutherland DENIES the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Sutherland DENIES that the individual who answered the phone number ending in 6767 indicated that he was not interested in supplemental Medicare plans. Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of Plaintiff's Amended Complaint.

37. Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of Plaintiff's Amended Complaint.

38.     Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of Plaintiff's Amended Complaint.

39.     Sutherland ADMITS that one of its representatives made four calls to the phone number ending in 6767. Sutherland DENIES the remaining allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     Sutherland ADMITS that one of its representatives made calls to the phone number ending in 6767. Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of Plaintiff's Amended Complaint.

41.     Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of Plaintiff's Amended Complaint.

42.     Sutherland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of Plaintiff's Amended Complaint.

43.     The allegations of Paragraph 43 of Plaintiff's Amended Complaint state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that it violated the TCPA and DENIES all remaining allegations of Paragraph 43 of Plaintiff's Amended Complaint.

44.     The allegations of Paragraph 44 of Plaintiff's Amended Complaint state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that it violated the TCPA and DENIES all remaining allegations of Paragraph 44 of Plaintiff's Amended Complaint.

45.     Sutherland DENIES the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. The allegations of paragraph 46 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that it violated the TCPA, DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the class as alleged can be certified, and DENIES the remaining allegations of Paragraph 46 of Plaintiff's Amended Complaint.

47. The allegations of Paragraph 47 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that it violated the TCPA, DENIES that Plaintiff is entitled to anything he seeks, and DENIES the remaining allegations of Paragraph 47 of Plaintiff's Amended Complaint.

## CLASS ACTION ALLEGATIONS

48. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 48 of Plaintiff's Amended Complaint.

49. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 49 of Plaintiff's Amended Complaint.

50. The allegations of Paragraph 50 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff is entitled to any of the relief sought herein, DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 50 of Plaintiff's Amended Complaint.

51. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, DENIES that

Plaintiff is entitled to any of the relief sought herein and DENIES the remaining allegations of Paragraph 51 of Plaintiff's Amended Complaint.

52.     Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 52 of Plaintiff's Amended Complaint.

53.     Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 53 of Plaintiff's Amended Complaint.

54.     Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 54 of Plaintiff's Amended Complaint.

55.     Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 55 of Plaintiff's Amended Complaint.

56(a).  Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(a) of Plaintiff's Amended Complaint.

56(b).  Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(b) of Plaintiff's Amended Complaint.

56(c).  Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(c) of Plaintiff's Amended Complaint.

56(d).   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(d) of Plaintiff's Amended Complaint.

56(e).   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(e) of Plaintiff's Amended Complaint.

56(f).   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 56(f) of Plaintiff's Amended Complaint.

57.   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 57 of Plaintiff's Amended Complaint.

58.   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 58 of Plaintiff's Amended Complaint.

59.   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 59 of Plaintiff's Amended Complaint.

60.   Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 60 of Plaintiff's Amended Complaint.

61. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 61 of Plaintiff's Amended Complaint.

62. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 62 of Plaintiff's Amended Complaint.

63. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 63 of Plaintiff's Amended Complaint.

64. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 64 of Plaintiff's Amended Complaint.

65. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 65 of Plaintiff's Amended Complaint.

66. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 66 of Plaintiff's Amended Complaint.

67. Sutherland DENIES that any class exists, DENIES that Plaintiff can maintain this action as a class action, DENIES that the classes as alleged can be certified, and DENIES the remaining allegations of Paragraph 67 of Plaintiff's Amended Complaint.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ("Robocall Claim")

68. Sutherland restates its responses to all previous paragraphs as if fully set forth herein.

69. Sutherland DENIES the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. Sutherland DENIES the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Sutherland DENIES the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. Sutherland DENIES the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73. Sutherland DENIES the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. Sutherland DENIES the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ("DNC Claim)

75. Sutherland restates its responses to all previous paragraphs as if fully set forth herein.

76. The allegations of Paragraph 76 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's regulations and

rulings and DENIES the remaining allegations of Paragraph 76 of Plaintiff's Amended Complaint.

77. The allegations of Paragraph 77 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's regulations and rulings and DENIES the remaining allegations of Paragraph 77 of Plaintiff's Amended Complaint.

78. The allegations of Paragraph 78 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's regulations and rulings and DENIES the remaining allegations of Paragraph 78 of Plaintiff's Amended Complaint.

79. The allegations of Paragraph 79 state legal conclusions and argument to which no response is required. To the extent a response is required, Sutherland DENIES that Plaintiff has accurately and completely described the provisions of the TCPA or the FCC's regulations and rulings and DENIES the remaining allegations of Paragraph 79 of Plaintiff's Amended Complaint.

80. Sutherland DENIES the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. Sutherland DENIES the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82. Sutherland DENIES the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83. Sutherland DENIES the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

84. Sutherland DENIES the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

## ATTORNEYS' FEES

85. Sutherland restates its responses to all previous paragraphs as if fully set forth herein.

86. Sutherland DENIES the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

## JURY DEMAND

87. The allegations of Paragraph 87 are procedural in nature and no response is required. To the extent a response is required, Sutherland ADMITS that Plaintiff is entitled to submit a jury demand.

## RELIEF REQUESTED

Sutherland DENIES that Plaintiff and the Plaintiff Class are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to F.R.C.P. 8, Sutherland asserts the following affirmative defenses to the claims in Plaintiff's Amended Complaint as follows. Sutherland does not concede or waive the issue of which party bears the burden of proof as to any of the following:

### First Affirmative Defense

### (Prior Express Consent)

Plaintiff, and members of the purported classes, provided prior express consent to receive the alleged telephone calls.

### Second Affirmative Defense

### (Prior Express Written Consent)

Plaintiff, and members of the purported classes, provided prior express written consent to receive the alleged telephone calls.

### Third Affirmative Defense

### (Prior Express Invitation or Permission)

Plaintiff, and members of the purported DNC class, provided prior express invitation or permission to receive the alleged telephone calls.

### Fourth Affirmative Defense

### (Ratification)

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification and because Plaintiff acquiesced to any conduct engaged in by Defendant.

### Fifth Affirmative Defense

### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense

### (Estoppel)

Plaintiff has waived and is otherwise estopped from pursuing his claims.

### Seventh Affirmative Defense

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands in that Plaintiff's own actions are the cause of his Complaint.

### Eighth Affirmative Defense

### (Lack of Standing)

Plaintiff lacks standing to bring the claims at issue.

### Ninth Affirmative Defense

### (Implementation of Policies & Procedures)

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls in violation of the TCPA, including the procedures required by 47 C.F.R. § 64.1200(c) and (d).

### Tenth Affirmative Defense

### (DNC Grace Period)

Defendant is not liable for the alleged calls to Plaintiff or the putative DNC Class because such calls fell within the grace period provided by 64.1200(c)(2)(i)(D).

### Eleventh Affirmative Defense

### (Lack of Due Process)

The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment to the Constitution of the United States of America and is unconstitutional under State law.

### Twelfth Affirmative Defense

### (Statute of Limitations)

The claims of purported class members are barred by the statute of limitations.

### Thirteenth Affirmative Defense

### (47 C.F.R. § 64.1200(a)(1)(iv) Exemption)

Defendant is exempt from liability for the alleged calls to Plaintiff or members of the putative classes under 47 C.F.R. § 64.1200(a)(1)(iv).

### Fourteenth Affirmative Defense

### (Reservation of Rights)

Sutherland does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

### JURY DEMAND

Defendant demands a trial by jury of all claims in this putative class action Complaint so triable.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: */s/ Michael B. Johnson*
    David M. Taylor
    State Bar No. 19687900
    Michael B. Johnson
    State Bar No. 24029639
    Salvador Davila
    State Bar No. 24065119

701 Brazos, Suite 1500
Austin, TX 78701
Telephone: (512) 703-5029
Telecopy: (512) 708-8777
dtaylor@thompsoncoe.com
mjohnson@thompsoncoe.com
sdavila@thompsoncoe.com

ATTORNEYS FOR DEFENDANT
SUTHERLAND GLOBAL SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 1, 2015, the above and foregoing document was transmitted electronically to the clerk of the Court using the ECF System for filing and was served upon the parties in accordance with the Federal Rules of Civil Procedure:

W. Craft Hughes
Jarrett L. Ellzey
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
*Attorneys for Plaintiff and the Proposed Class*

Ari J. Scharg
Alicia Hwang
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
*Attorneys for Plaintiff and the Proposed Class*

Keith L. Gibson
Martin W. Jaszczuk
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant, Mutual of Omaha Insurance Company*

Kent C. Hofmann
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701-4042
*Attorneys for Defendant, Mutual of Omaha Insurance Company*


/s/   Michael B. Johnson